**FREEMAN MATHIS & GARY, LLP**
Justin Boron, Esquire
ID No.: 250422019
Robert H. Bender, Jr., Esquire
ID No.: 165182015
1600 Market Street,
Suite 1210
Philadelphia, PA 19103
*Attorney for Defendant,*
*Radius Global Solutions, LLC*

| | | |
|---|---|---|
| ALI ABUGHANNAM, individually, and on behalf of all others similarly situated, | : | SUPERIOR COURT OF NEW JERSEY HUDSON COUNTY |
| Plaintiff, | : | NO.: HUD-L-000097-24 |
| v. | : | **NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL** |
| RADIUS GLOBAL SOLUTIONS, LLC | : | |
| Defendant. | : | |

**TO:** Clerk
New Jersey Superior Court
Civil Division, Hudson County
Hudson Co. Plaza
257 Cornelison Ave, 4th Floor
Jersey City, NJ 07302

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that the attached hereto as "Exhibit A" is a copy of the Notice of Removal in the above-captioned action, which has been filed with the Clerk of the United States District Court for the District of New Jersey; and

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice to Superior Court of Filing a Notice of Removal with this Court, effects the removal of the above-captioned action, and this Court may proceed no further unless and until the

case is remanded.

                            Respectfully submitted,

                            **FREEMAN MATHIS & GARY, LLP**

Dated: February 14, 2024          By:    */s/ Justin J. Boron*_____
                                                  Justin J. Boron, Esquire
                                                  Robert H. Bender, Jr., Esquire
                                                  1600 Market Street, Ste 1210
                                                  Philadelphia, PA 19103
                                                  *Attorney for Defendant*
                                                  *Radius Global Solutions, LLC*

IN THE UNITED STATES DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| ALI ABUGHANNAM, individually, and on behalf of all others similarly situated, | NO.: _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| RADIUS GLOBAL SOLUTIONS, LLC | |
| Defendant. | |

To the United States District Court for New Jersey:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(d), 1441 and 1446, Defendant Radius Global Solutions, LLC, hereby removes this action from the Hudson County Superior Court of the State of New Jersey, where it was pending, to the United States District Court for New Jersey on the grounds below.

## BACKGROUND

1. Plaintiff commenced this action by filing a "Class Action Complaint" (the "Complaint") in the Hudson County Superior Court of the State of New Jersey, on or about January 10, 2024, under Index No. HUD-L-000097-2 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendant is attached hereto as **Exhibit A**.

2. The Complaint was served upon Radius Global Solutions, LLC ("RGS"), on January 19, 2024.

3. Therefore, this Notice of Removal is timely filed within thirty (30) days of service. *See* 28 U.S.C. § 1446(b)(1), (2)(B).

4. This action should be joined to the existing MDL-3083: In Re: MOVEit Customer Data Security Breach Litigation, under the Judicial Panel on Multidistrict Litigation.

I. **This Action Is Removable Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(11) ("CAFA").**

5. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because (1) the putative class consists of 100 proposed class members; (2) the citizenship of at least one putative class member is different from the citizenship of at least one defendant; and (3) the aggregate amount placed in controversy by the claims of the named Plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of costs and interest.

   A. **The Minimal Diversity of Citizenship Requirement is Satisfied.**

6. Under CAFA, 28 U.S.C. § 1332(d)(2)(A), minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant.

7. As alleged in the Complaint, Plaintiff is a citizen of New Jersey. (Ex. A, ¶ 3).

8. RGS is an LLC organized under the laws of Delaware. For jurisdictional purposes, RGS is a citizen of Pennsylvania, New Jersey, and Florida. A copy of RGS' declartion outlining its members and their domicile is attached hereto as **Exhibit B**.

9. While Plaintiff is not diverse from one of RGS' members, there are a multitude of putative class members are diverse from RGS, satisfying CAFA's minimal diversity requirement. A copy of the declaration identifying the citizenship of all alleged class members is attached as **Exhibit C**.

10. Thus, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because the citizenship of at least one putative class member will be different than the citizenship of the Defendant, RGS.

    **B.**    **The Putative Class Consists of More than 100 Members.**

11.    Plaintiff purports to bring this action pursuant to R. 4:32 of the New Jersey Court Rules on behalf of a class of "all consumers that had their data compromised during the 2023 data breach." (Ex. A ¶ 14).

12.    Plaintiff alleges that the putative class is "believed to be so numerous that the joinder of all members is impracticable" but does not allege the exact or approximate number of putative class members (Id.).

13.    Plaintiff alleges that Defendant was negligent in protecting personally identifiable information from cybercriminals, and as a result of Defendant's alleged negligence, Plaintiff and the putative class members suffered injuries from the exposure of this personal information to hackers. (Ex. A ¶¶ 27–57).

14.    Plaintiff, and the putative class members, further allege the intentional tort of invasion of privacy, and a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

15.    During the putative class period (June 1, 2023, to the present (Ex. A ¶ 14)), Plaintiff alleges that RGS provided thousands of individuals and organizations located in New Jersey with document transfer services via the MOVEit software.

16.    Based on these and other allegations, the aggregate number of class members in Plaintiff's proposed class is at least 100 for the purposes of satisfying 28 U.S.C. § 1332(d)(5).

**C.**  **The Amount in Controversy Requirement under CAFA Is Satisfied**

17.    Plaintiff alleges that RGS failed to satisfy its duty of reasonable care in protecting individual's data from cybercriminals, because it failed to use reasonable measures to protect the personally identifiable information of consumers.

18. Based on these allegations, Plaintiff alleges claims against RGS for negligence, negligence per se, invasion of privacy, and a violation of the Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq.* (Ex. A).

19. Plaintiff seeks on his own behalf and on behalf of the putative class, the following damages from RGS: (1) statutory damages, (2) actual and punitive damages, (3) attorney's fees and costs, and (4) injunctive relief. (Id.).

20. Although Radius asserts that it owes no damages to plaintiff or the class members, plaintiffs seek more than $5,000,000, even if attorneys' fees are excluded from the calculation. There are currently more than 716,000 persons who were given notice of the alleged data security incident involving Radius. If each of them recovers just $50, they aggregate amount would be more than $35 million, well more than the jurisdictional amount.

21. Because there will be minimal diversity between the parties and because the $5,000,000 amount in controversy requirement is satisfied, this case is properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

22. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of New Jersey, Law Division, Hudson County, and served upon counsel for Plaintiff.

23. In filing this Notice of Removal, RGS does not waive, and specifically reserves, all defenses, exceptions, rights, and motions. No statement herein or omission here from shall be deemed to constitute an admission by RGS of any of the allegations of or damages sought in the Complaint.

WHEREFORE, RGS respectfully gives notice of the removal of the state action referenced herein from the Superior Court of New Jersey, Law division, Hudson County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

                                              **FREEMAN MATHIS & GARY, LLP**

Dated: February 14, 2024                By:    */s/ Justin J. Boron*
                                                        Justin J. Boron, Esquire
                                                        Robert H. Bender, Jr., Esquire
                                                        1600 Market Street, Ste 1210
                                                       Philadelphia, PA 19103
                                                       *Attorney for Defendant*
                                                       *Radius Global Solutions, LLC*